Verdict for both defendants, and rule to show cause why a new trial should be granted which now came before the Court to be argued.
BARRY and WHITE argued for the new trial; their argument, in substance, was that the tax operated upon the firm; that in this case respecting licenses for stores among mercantile men but one license was necessary, though several might be in partnership. If the tax is avoided, it is an equal benefit to all concerned, and therefore all should be liable for the penalty. They considered the case in the view of a contract with the government under the terms expressed in the act. Whenever they *Page 331 
procured their goods with a view of peddling they then agreed, if we sell we will either pay $25 and take out a license, or $100 if we do not; and the selling afterwards by one of the parties was the same thing as if both had sold. No higher evidence of a copartnership is necessary in this case than any other. Express proof by articles of copartnership is never required. Holding themselves out to the world as such is sufficient.
In the criminal code, it was not a new thing to consider absent persons under particular circumstances as guilty. In the highest criminal cases there may be accessories, who are always absent; for if present, aiding and assisting, they are principals. In trespass, as contradistinguished from felonies, all are principals; there can be no accessories, and absent persons may be aiding and assisting in a trespass as well as those present. These observations were made to put the case in the strongest point of view against them. This statute being made pro bono publico should not be construed strictly as penal statutes usually are. 4 Cun. ed. Bac. Ab. 649. It should receive an equitable construction for the good of the public. Suppose a pedler intrusts a slave to sell, is the State to have no remedy?
In this case the jury were misdirected by the Court, and for that cause there ought to be a new trial. 6 Guil. ed. Bac. 674, 675.
A few years ago Judge M'Nairy, when sitting in the Federal Court, granted a new trial, in a qui tam action between Sanders quitam and Tipton, nor was this lightly done: it was after elaborate argument. A new trial was not only granted in that case, but an amendment allowed.
HAYWOOD, e contra. — This question must be considered under the ideas of criminal jurisprudence. It is impossible to charge the absent person as a partner. Partners in trade are liable upon the principles of contract, — which is never presumed as to crimes and misdemeanors. There is no proof that the absent person, James M'Night, assented to the violation of the penal law, and it never could have been the intention of the legislature to inflict a *Page 332 
penalty upon an innocent person. The way to construe this law is to make every man liable for his own offences, and no further. In this war the other partners may be come at. It is. however, not material now to inquire whether the directions given by the Court were right or wrong; the jury have found the defendants not guilty, and a new trial cannot be granted in a penal action when the defendants have been acquitted.[1]
If one be rightfully acquitted and the other not a new trial will not be granted, which is precisely the case in Strange, 813. In this case there can be no doubt that James M'Night ought to have been acquitted. If the Constitution is not concerned in this case justice is, which is of as high importance. It has been argued that the defendants took out a license about a month after the offence was said to have been committed; that circumstance can have no effect upon what had previously taken place. Independent of all these considerations, there was on the trial a clear defect as to the evidence of partnership, let it be considered in what point of view it may.
[1] Cowp. 37; Burr. 665; 1 Term Rep. 235; 2 Term Rep. 484; 4 Term Rep. 755; Cowp. 358; 1 Wil. 17, 329; 3 Wil. 59; Burr. 2257; 2 Str. 1238.